710 A.2d 1008

IN THE MATTER OF JOSEPH F. FLAYER,
AN ATTORNEY AT LAW.

June 5, 1998.

## ORDER

The Disciplinary Review Board on April 17, 1998, having filed with the Court its decision concluding that **JOSEPH F. FLAYER,** formerly of **BUDD LAKE,** who was admitted to the bar of this State in 1976, and who thereafter was suspended from practice on May 9, 1995, for failure to comply with a fee arbitration determination, and who remains suspended at this time, should be suspended from practice for a period of six months for violating *RPC*

1.1.(a) (gross neglect), *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) and (b) (failure to communicate), *RPC* 1.5(a) (fee overreaching), *RPC* 3.2 (failure to expedite litigation and to treat with courtesy and consideration all persons involved in the legal process), and *RPC* 8.1(b) (failure to cooperate with ethics authorities);

And the Disciplinary Review Board having further concluded that the six-month suspension should be consecutive to the ongoing temporary suspension and that it should not begin until respondent satisfies the outstanding fee arbitration award;

And the Disciplinary Review Board having determined that no petition for reinstatement to practice should be considered by the Disciplinary Review Board until all pending ethics matters against respondent are resolved;

And good cause appearing;

It is ORDERED that **JOSEPH F. FLAYER** is hereby suspended from the practice of law for a period of six months, said suspension to be consecutive to the temporary suspension currently in effect and to commence on the satisfaction by respondent of the award of the District X Fee Arbitration Committee that requires respondent to refund the sum of $2,420 to his client; and it is further

ORDERED that no petition of respondent for reinstatement to practice be considered by the Disciplinary Review Board until all pending ethics matters against respondent are concluded; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that he comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.